

WINSTON & STRAWN LLP

North America  Europe  Asia

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/9/2018
```

November 8, 2018

Granted.

SO ORDERED.

11/9/18

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

**Via ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re:   <u>In re Interest Rate Swaps Antitrust Litig., No. 16-md-2704-PAE (S.D.N.Y.)</u>

Dear Judge Engelmayer:

Counsel for Goldman Sachs[1] requests leave to file a letter in redacted form that responds to Plaintiffs' letter challenging Goldman Sachs' attempt to claw back a document as privileged under foreign law. The letter describes the document, which was designated "highly confidential" by Goldman Sachs under the Protective Order, and therefore references to that document must be redacted in accordance with Section 9 of the Protective Order. Our proposed redactions are highlighted in the copy sent to Chambers and Plaintiffs' counsel, consistent with the Court's Individual Rules and Practices in Civil Cases 4.B.

We also request leave to file Exhibit 1 to the letter in redacted form, which is the declaration of Jonas Koponen of Linklaters LLP. It also describes the "highly confidential" document Goldman Sachs is seeking to claw back, and we have highlighted our proposed redactions in the copy sent to Chambers and Plaintiffs' counsel. In addition, we request leave to file Exhibit D to Mr. Koponen's declaration under seal, as it also describes that "highly confidential" document.

Per the Court's comment during the November 1 teleconference, we have "take[n] a little more space than [we] might ordinarily need to" under the belief that it is "necessary" to explain the foreign laws at issue. *See* Transcript from the November 1 Teleconference at 53:5-14. We note that Plaintiffs' letter did the same, which we are not contesting.

---

[1] "Goldman Sachs" refers to Defendants The Goldman Sachs Group, Inc.; Goldman Sachs & Co. LLC; Goldman Sachs Bank USA; Goldman Sachs Financial Markets, L.P.; and Goldman Sachs International.



We also respectfully request that the Court relieve us of the requirement that we include physical signatures—as opposed to electronic signatures—on the letter to be filed under seal.

Respectfully Submitted,

/s/ Robert Y. Sperling

Robert Y. Sperling
Counsel for Goldman Sachs